Malook SINGH, Petitioner,

v.

The BOARD OF IMMIGRATION APPEALS, Respondent.

No. 04–4880–ag.

United States Court of Appeals, Second Circuit.

Nov. 2, 2007.

Malook Singh, Queens Village, NY, pro se.

Helina S. Dayries, Assistant United States Attorney (for David R. Dugas, Unit-

ed States Attorney for the Middle District of Louisiana), Baton Rouge, LA, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. RALPH K. WINTER and Hon. CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Petitioner Malook Singh, a native and citizen of India, seeks review of an August 24, 2004 order of the BIA affirming the May 27, 2003 decision of Immigration Judge ("IJ") Joanna Miller Bukszpan denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In Re Malook Singh*, No. A75 962 531 (B.I.A. Aug. 24, 2004), *aff'g* No. A75 962 531 (Immig. Ct. N.Y. City May 27, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

In this case, the BIA adopted and affirmed the IJ's decision "insofar as she found that [Singh] had not satisfied the burden of proof for asylum, withholding of removal or relief under the Convention Against Torture." The BIA further noted that Singh had failed to "meaningfully address" the IJ's findings. When the BIA issues an opinion that adopts the IJ's decision, we review the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir.2007) (en banc).

The Immigration and Nationality Act ("INA") specifies that we may review only those categories for relief that an applicant raises before the BIA. 8 U.S.C. § 1252(d)(1); *see Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 118 (2d Cir.2007) (*amending Lin Zhong v. U.S. Dep't of Justice*, 461 F.3d 101 (2d Cir.2006)). However, a petitioner's failure to argue particular issues before the BIA does not, as a statutory matter, bar our jurisdiction to consider those issues. *Lin Zhong*, 480 F.3d at 121–22. We have described an alien's failure to raise issues before the BIA as "an affirmative defense subject to waiver," *id.* at 124; however, even when the government does not raise exhaustion in its brief, we may still refuse to consider unexhausted issues, *id.* at 107 n. 1.

■ The IJ's finding in regard to burden of proof rested on her adverse credibility finding, which was fraught with errors.[1] First, the IJ did not believe that Singh "[wa]s even in fact a Sikh." The IJ drew an adverse inference from the fact that Singh appeared at his final hearing without a turban and with his hair cut and his beard shaven. However, the IJ failed to assess Singh's explanation, that he "now [ ] works for Citywide Limousine Company, and they don't like that." *See Ming Shi Xue v. BIA*, 439 F.3d 111, 125 (2d Cir.2006) (stating that it is the IJ's duty to ensure that the record include both an applicant's explanation for discrepancies

---

1. In his counseled brief to the BIA, Singh challenged the IJ's adverse credibility determination generally, but did not argue against the specific findings (listed herein) made by the IJ with respect to the credibility determi-

nation. However, because the government waived any argument regarding failure to exhaust issues, we will address those findings. *Lin Zhong*, 480 F.3d at 123–24.

and the IJ's reasons for rejecting such an explanation). Moreover, the IJ's inference, that Singh must not actually be Sikh, is not supported by substantial evidence in light of the fact that, as the IJ noted, Singh appeared at all of his previous hearings wearing a turban and with long hair. The IJ also impermissibly drew an adverse inference from the fact that Singh did not provide details as to his understanding of the Sikh faith, *see Rizal v. Gonzales*, 442 F.3d 84, 90 (2d Cir.2006) ("Both history and common sense make amply clear that people can identify with a certain religion, notwithstanding their lack of detailed knowledge about that religion's doctrinal tenets...."), particularly in light of the fact that the IJ did not probe for such details, *see Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir.2003), *overruled on other grounds, Shi Liang Lin*, 494 F.3d 296. Second, the IJ relied on a lack of corroboration in making her adverse credibility determination; however, she did not identify the particular pieces of missing evidence or show that these documents were reasonably available to Singh. *See Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 527 n. 9 (2d Cir.2007). Third, the IJ drew an adverse inference from "the fact that the respondent's family members continue to reside undisturbed in his home country"; however, the IJ's own decision states that Singh testified that his father had been arrested, his wife had been beaten, his three young children had been "stripped of their clothes and paraded through the street," his family "was subjected to a lot of harassment," and since his prior hearing, he had been "hearing of problems by phone back home." Fourth, the IJ questioned "the *bona fides* of [Singh]'s claim" based on the fact that

he came to the United States on a visa that was "issued to him to perform in the United States," though "he is not actually an artist and never performed in this capacity in this country." However, we have stated that "a petitioner's use of false travel documents to escape persecution is fully consistent with an asylum claim and should not be used as a basis to deny asylum." *Rui Ying Lin v. Gonzales*, 445 F.3d 127, 133 (2d Cir.2006). Fifth, the IJ noted that Singh testified that he joined the Akali Dahl Mann organization on April 4, 1993; however, his asylum application stated that he joined on April 13, 1993. Such a minor inconsistency is not sufficient to support an adverse credibility determination. *Secaida–Rosales*, 331 F.3d at 308. Finally, the IJ took note of some discrepancies in dates between Singh's direct examination testimony and his testimony on cross-examination. However, as the IJ herself noted, the cross-examination took place almost two years after the direct examination. Also, Singh explained when confronted with these inconsistencies that he was distressed because he had been "hearing of problems by phone back home." The IJ failed to take into consideration these two factors when rendering her adverse credibility determination. *See Ming Shi Xue*, 439 F.3d at 125.

Given these significant errors in the IJ's analysis, we cannot confidently predict that the agency would reach the same result on remand absent the error-infected portions of the analysis. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 (2d Cir.2006). Accordingly, the burden of proof finding, which rested on the adverse credibility determination, cannot be sustained.[2]

---

2. The IJ also found that Singh had "not shown that his claim falls under any of the enumerated grounds" for asylum. It is unclear whether the BIA did not explicitly affirm

this finding because it disagreed with the finding or because of an observation that the finding was not "meaningfully addressed on appeal." However, a review of the record

■ Although we have determined that the adverse credibility determination cannot stand, the IJ also found that Singh posed "a danger to the security of the United States," and, as the BIA's decision makes clear, Singh did not challenge that finding on appeal to the BIA. Accordingly, we lack jurisdiction to review that determination, and that determination is dispositive as to Singh's claims for asylum, *see* 8 U.S.C. § 1158(b)(2)(A)(iv); 8 C.F.R. § 208.13(c)(1),[3] withholding of removal, *see* 8 U.S.C. § 1231(b)(3)(B)(iv); 8 C.F.R. § 1208.16(d)(2),[4] and withholding of removal under CAT, *see* 8 U.S.C. § 1231(b)(3)(B)(iv); 8 C.F.R. § 1208.16(d)(2). However, Singh remains eligible for deferral of removal under CAT. *See* 8 C.F.R. § 1208.17(a).[5] Accordingly, in light of our determination that the IJ's adverse credibility finding cannot stand,

the case must be remanded for a determination of whether Singh's case merits deferral of removal under CAT.[6]

For the foregoing reasons, the petition for review is DISMISSED in part and GRANTED in part; the decision of the BIA is VACATED; and the case is REMANDED to the BIA for further proceedings consistent with this opinion.

---

reveals that such an observation was erroneous, as Singh clearly argued this point in his BIA brief. We need not assess this determination in any event, because if the BIA disagreed with the determination, we would not review it, and if the BIA erroneously found that the determination was unexhausted, we would give the BIA the opportunity to assess the determination in the first instance.

**3.** 8 C.F.R. § 208.13(c)(1) provides, in relevant part: "[A]n applicant shall not qualify for asylum if [8 U.S.C. § 1158(b)(2)] applies to the applicant." 8 U.S.C. § 1158(b)(2)(A)(iv) renders an alien ineligible for asylum when "there are reasonable grounds for regarding the alien as a danger to the security of the United States."

**4.** 8 C.F.R. § 1208.16(d)(2) provides, in relevant part: "[A]n application for withholding of removal under [8 U.S.C. § 1231(b)(3)] or under the Convention Against Torture shall be denied if the applicant falls within [8 U.S.C. § 1231(b)(3)(B)]." 8 U.S.C. § 1231(b)(3)(B)(iv) renders an alien ineligible for withholding of removal when "there are

reasonable grounds to believe that the alien is a danger to the security of the United States."

**5.** 8 C.F.R. § 1208.17(a) provides, in relevant part: "An alien who ... has been found ... to be entitled to protection under the Convention Against Torture [ ] and is subject to the provisions for mandatory denial of withholding of removal under § 1208.16(d)(2) ..., shall be granted deferral of removal to the country where he or she is more likely than not to be tortured."

**6.** Although we do not have jurisdiction over the IJ's determination that Singh posed "a danger to the security of the United States" because he "assisted a known and wanted terrorist," for purposes of his claims for asylum, withholding of removal, and withholding of removal under CAT, we note that, on remand, the BIA may wish to reconsider that determination in light of the fact that Singh testified that he did so under duress and at gunpoint and in light of the fact that Singh is no longer represented by the attorney that failed to address this issue in his BIA brief.